IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 09-cr-00013-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RONALD ROY HOODENPYLE,

        Defendant.

## OPINION AND ORDER DENYING MOTIONS TO DISMISS

**THIS MATTER** comes before the Court pursuant to the Defendant's *pro se* Motion to Dismiss for Lack of Jurisdiction **(# 37)** and Motion to Dismiss for Failure to State a Claim **(#38)**,[1] to which the Government has filed a consolidated response **(# 41)**.

The Defendant is charged in a one-count Indictment **(# 1)** of January 6, 2009, with having violated 18 U.S.C. § 1521 by filing a false lien against an I.R.S. agent.

In the Motion to Dismiss for Lack of Jurisdiction **(# 37)**, the Defendant raises a number of arguments based on non-existent or clearly inapplicable legal principles. As best the Court can determine from a literal construction of the motion, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Defendant appears to contend that this Court lacks jurisdiction to hear this

---

[1] The Court previously denied **(# 46)** these motions without reaching there merits on the grounds that they were filed *pro se* at a time when the Defendant was represented by counsel. The Defendant has since been permitted to discharge his counsel and proceed *pro se* **(# 46)**, and has filed a "Notice to Reinsta[te]" **(# 49)** these motions. The Court has agreed to revisit the motions on their merits in light of the changed circumstances.

action because: (i) there is "no injured party" because "the United States of America is a created fiction"; and (ii) the use of capital letters naming the Defendant in the Indictment is "an intentional misuse of my name" that deprives the Government of jurisdiction over him.  (The Court has considered the other arguments in the motion, to the extent they are comprehensible, and finds them to be without merit, and in many instances, outright frivolous.)

As to the latter contention, the Court has previously noted that arguments that the capitalization of a Defendant's name has some legal consequence has been repeatedly rejected by every court to consider it, and so is rejected by this Court as well.  *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2009) (calling such argument "wholly frivolous"); *U.S. v. Heijnen*, 375 F.Supp.2d 1229, 1231 (D. N.M. 2005).  The Defendant is subject to the jurisdiction of this Court regardless of how his name is capitalized in any document.  With regard to the argument that there is no "injured party," the Defendant cites no law for the proposition that an injury is required to bring a criminal action.  The allegation that the Defendant has violated 18 U.S.C. § 1521 is sufficient to invoke the jurisdiction of this Court to hear cases alleging "offenses against the laws of the United States."  Thus, this Motion to Dismiss is denied.

The Defendant's Motion to Dismiss For Failure to State a Claim **(# 38)** is also without merit.  Again considering the motion liberally, the Court understands that the Defendant argues that an I.R.S. agent is not an employee of the Government for purposes of 18 U.S.C. § 1521.  The Defendant argues, without supporting citation, that the statute is intended to apply only to persons who file false liens against a "Federal Judge or Federal Police Officer," and further argues that the I.R.S. "is not an agency of the Federal Government . . . but an agent of a Foreign Corporation."  (Again, the Court has considered the Defendant's remaining arguments and finds

them to be without merit.)  The argument that the I.R.S. is not an agency of the United States,[2] the 10th Circuit has called  "legally frivolous" and "not merit[ing] further comment."  *U.S. v. Dawes*, 161 Fed.Appx. 742, 746 (10th Cir. 2005) (unpublished), *citing Lonsdale v. U.S.*, 919 F.3d 1440, 1448 (10th Cir. 1990); *see also U.S. v. Morgan*, 3 Fed.Appx. 633, 635 (9th Cir. 2001) (unpublished) ("The United States Code and the Code of Federal Regulations provide that the IRS and Department of Treasury are an agency and department of the United States. . . It was therefore not improper for the district court to determine that this is so as a matter of law"); *U.S. v. Fern*, 696 F.2d 1269, 1273 ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States").

Although the Defendant is correct that the title of 18 U.S.C. § 1521 refers to "Retaliating against a Federal judge or Federal law enforcement officer," the title of a statute is to be used as an aid in interpreting the statute's reach only where the plain language of the statute itself is somehow ambiguous.  *Whitman v. American Trucking Assns.*, 531 U.S. 457, 483 (2001).  Here,

---

[2]The Defendant's argument on this point seems to stem entirely from an Answer filed by the United States Attorney's Office in *Diversified Metal Products, Inc. v. T-Bow Company Trust*, Civil Action No. 93-405-E-EJL in the U.S. District Court for the District of Idaho.  In paragraph 4 of that Answer, the United States "denie[d the plaintiff's contention] that the Internal Revenue Service is an agency of the United States Government, but admit[ted] that the United States of America would be a proper party to the action."  Without attempting to discern the United States Attorney's intentions in making that statement, this Court notes that it need not conclusively determine whether the I.R.S. is an "agency" of the United States, a "department" of the United States, a "division" or "bureau" or some other legally-defined subdivision of the Department of the Treasury.  18 U.S.C. § 1521 defines those against whom a false lien may not be filed by referencing 18 U.S.C. § 1114.  That statute, in turn, applies to "any officer or employee of the United States or of any agency in any branch of the United States Government."   The Court has no doubt that, even if the I.R.S. is not technically an "agency" of the Government, an I.R.S. agent falls within that broad statutory language.  *See generally U.S. v. Treff*, 924 F.2d 975, 977 (10th Cir. 1991) (affirming conviction under 18 U.S.C. § 1114 when conduct was directed at an I.R.S. District Director).

the body of the statute unambiguously defines the range of persons protected with reference to a broad definition in 18 U.S.C. § 1114, and thus, the title of 18 U.S.C. § 1521 is of no significance. Having considered all of the Defendant's arguments in this motion, the Court finds the motion is properly denied.

Accordingly, the Defendant's Motions to Dismiss (**# 37, 38**) are **DENIED**.

Dated this 30th day of June, 2009

                                        **BY THE COURT:**

                                        *Marcia S. Krieger*
                                        _____

                                        Marcia S. Krieger
                                        United States District Judge