## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00013-MSK

UNITED STATES OF AMERICA

      Plaintiff,

v.

1. RONALD ROY HOODENPYLE,

      Defendant.

---

## GOVERNMENT'S TRIAL BRIEF

---

      The United States of America (the government), by and through Assistant United States Attorney Matthew T. Kirsch, files this trial brief in an attempt to advise the Court in advance of legal issues which may arise during trial.

### Evidence Related to Other False Liens Filed by the Defendant

1.      The government has evidence that the defendant has filed false liens or encumbrances nearly identical to the one at issue in this case against the real property of various other government officials, including the former El Paso County Public Trustee, Patricia Thompson, and District Judge Robert Erler, Jr. of the 4th Judicial District of Colorado.  This conduct forms the basis of the defendant's pending criminal charges in El Paso County case number 08-cr-4444.  The government also has evidence that the defendant has filed false UCC Financing Statement Amendments with the Colorado Secretary of State that

purport to be terminations of federal tax liens filed against his property.  The government does not intend to offer evidence during its case-in-chief about these false documents, but it may inquire about them during cross-examination or offer evidence related to them during rebuttal, as described below.

2.    If the defendant testifies, the government intends to question him about his filing of false documents in other public records.  Rule 608(b) permits a party in certain circumstances to attack or support a witness's credibility through cross examination about specific instances of conduct probative of the witness's character for truthfulness.  Fed. R. Evid. 608(b); *United States v. Schuler*, 458 F.3d 1148, 1155 (10th Cir. 2006).  Once a defendant takes the stand, his credibility is at issue as with any other witness.  *Schuler*, 458 F.3d at 1155.  In this case, evidence of the defendant's filing of other false documents would be probative of his character for truthfulness and admissible pursuant to Rule 608(b).  *See United States v. Girdner*, 773 F.2d 257, 26061 (10th Cir. 1985) (holding that cross-examination about defendant's previous involvement in ballot fraud scheme pursuant to Rule 608(b) was proper in perjury prosecution); *United States v. Blitstein*, 626 F.2d 774, 783 (10th Cir. 1980) (holding that cross-examination about defendant lawyer's bar suspension was proper because it was probative of the truthfulness of the defendant's reputation within the bar).

3.    In the event that the defendant seeks to introduce evidence of his reputation for good character or honesty, the government intends to cross-examine witnesses offering such testimony about their knowledge of the defendant's role in filing other false documents.  It has long been established that, if a defendant offers

2

evidence of his character in an attempt to convince the jury that he would not be likely to commit the charged offense, the government may cross-examine any witnesses offering such evidence, including a defendant himself, concerning specific instances of conduct inconsistent with the proffered reputation.  *United States v. Michaelson*, 335 U.S. 469, 479 (1948); *see generally* 1 John W. Strong *et al.*, *McCormick on Evidence* §191 (5th ed. 1999); 22 Charles A. Wright & Kenneth W. Graham, *Federal Practice & Procedure* § 5236 (1978).  The Tenth Circuit has specifically construed Rule 405 of the Federal Rules of Evidence to allow  "have you heard" questions concerning specific instances of conduct on cross-examination.  *United States v. McHorse*, 179 F.3d 889, 901-02 (10th Cir. 1999); *Securities & Exchange Comm'n v. Peters*, 978 F.2d 1162, 1169 (10th Cir. 1992).  The purpose of such questions is to test whether the witness is fully informed as to the defendant's character.  *Michaelson*, 335 U.S. at 483; *McHorse*, 179 F.3d at 902.  "The cross-examination may take in as much ground as the testimony it is designed to verify."  *Michaelson*, 335 U.S. at 484 (approving admission of questions on cross-examination about a twenty-seven-year-old arrest after the defendant offered testimony including the traits of "honesty and truthfulness" and "being a law-abiding citizen").  In this case, if the defendant offers evidence of his good character or honesty, cross-examination concerning whether the character witnesses are aware of the defendant's practice of filing false documents in public records would be appropriate and proper to test the reliability of the witnesses' information and judgment.

4.       Finally, if the defendant denies filing false documents during any testimony that

he provides, the government may offer evidence of the other false documents

during its rebuttal case.  In that case, Rule 608(b)'s prohibition on the

introduction of extrinsic evidence would not apply.  *United States v. Magallanez*,

408 F.3d 672, 680-81 (10th Cir. 2005).  "A defendant may not make false

statements on direct examination and rely on the government's inability to

challenge his credibility as to the truth of those statements."  *Id.* (quoting *United*

*States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994)).

### Subpoena to "United States of America"

5.       At the conclusion of the pre-trial conference, someone placed on the desk next

to the undersigned AUSA a subpoena, purportedly issued on behalf of the

defendant, which contained the caption of this case and was addressed as

follows: "United States of America, Demand to Testify."  This subpoena was not

properly served pursuant to Rule 17, in that it did not identify a witness who

would be capable of testifying, Fed. R. Crim. P. 17(a), and it was not

accompanied by a tender of a witness fee or mileage allowance, Fed. R. Crim. P.

17(d), and it could be quashed on those bases.

6.       The government fears that the defendant will attempt to use this subpoena as

the basis for attempting to call the undersigned AUSA as a witness in his case.

The undersigned was not a percipient witness to any of the events at issue in

this case and has no relevant testimony to provide with respect to this case.  If

called as a witness, the undersigned would also be put into a position of

4

potentially violating Rule 3.7 of the Colorado Rules of Professional Conduct.

The government is therefore requesting that the Court instruct the witness,

outside the jury's presence, that he may not call the undersigned as a witness

during his case.

Respectfully submitted this 13th day of August, 2008.

DAVID M. GAOUETTE
United States Attorney


s/ Matthew T. Kirsch
MATTHEW T.  KIRSCH
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: matthew.kirsch@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u> (CM/ECF)

I hereby certify on this 13th day of August, 2008, I electronically filed the foregoing GOVERNMENT'S TRIAL BRIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Harris, Esq. (advisory counsel)
Edward_Harris@fd.org

and I hereby certify that I have mailed the document or paper to the following non-participant:

Ronald Roy Hoodenpyle
14255 Citation Ln.
Peyton, CO 80831

<u>s/Matthew T. Kirsch</u>
Matthew T. Kirsch
Assistant United States Attorney
1225 17th Street, 7th Floor
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Email: matthew.kirsch@usdoj.gov