**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 09-cr-00013-MSK

UNITED STATES OF AMERICA

    Plaintiff,

v.

1. RONALD ROY HOODENPYLE,

    Defendant.

---

**GOVERNMENT'S SENTENCING STATEMENT**

---

The United States of America, by and through Assistant United States Attorney Matthew T. Kirsch, files the following sentencing statement as required by General Order 2002-3:

**STATUTORY PENALTIES**

1.    The maximum statutory penalties for the offense of conviction, filing a false lien against a federal employee, in violation of 18 U.S.C. § 1521, are ten years of imprisonment, a fine of $250,000, or both; 3 years of supervised release, and; a $100 special assessment fee.

**FACTS RELEVANT TO SENTENCING**

2.    The evidence at trial established that conduct relevant to the offense began in approximately February of 2008.  Prior to this time, starting in approximately November of 2004, an IRS Revenue Officer, Michael Pryor, had been trying to collect over $1 million in federal income taxes assessed against Mr. Hoodenpyle.

       Mr. Pryor's collection efforts including filing tax liens against real property owned by Mr. Hoodenpyle, either in his name or in the names of nominee trusts, (*see* Gov't Ex. 2), and levying Mr. Hoodenpyle's bank accounts, rent payments from tenants, and Social Security benefits.  While these collection efforts were ongoing, Mr. Hoodenpyle took the position that he had no federal income tax liability.  Mr. Pryor was aware of this position, but he disregarded it as frivolous and continued his collection efforts.

3.    By February of 2008, Mr. Hoodenpyle had made attempts to determine Mr. Pryor's home address and to obtain a legal description of Mr. Pryor's property. (Gov't Ex. 14.)

4.    On April 8, 2008, Mr. Hoodenpyle went to the Jefferson County Clerk and Recorder's Office, where he recorded a false lien against Mr. Pryor's residence. (Gov't Ex. 1 (false lien)); *see also* Gov't Exs. 7 (receipt for filing of false lien), 8 (print-out from Jefferson County records indicating that false lien was indexed against Mr. Pryor's property).)  This lien included the materially false statement that Mr. Hoodenpyle had a claim against Mr. Pryor "believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00)."  (Gov't Ex. 1.)  Mr. Hoodenpyle later admitted to both Treasury Inspector General for Tax Administration ("TIGTA") Special Agent William Frankel and El Paso County Detective Karl Mai that he signed and filed this false lien.  A certified copy of the recorded lien was also found in Mr. Hoodenpyle's residence.  (Gov't Ex. 17.)

5.    Sometime after Mr. Hoodenpyle recorded the false lien against Mr. Pryor's property, Mr. Pryor attempted to re-finance his house.  Although he was

        ultimately able to complete the re-finance, both he and Edward Cronin, a representative from the title insurance company that worked on the re-finance, testified that the false lien delayed its completion. Mr. Cronin also testified that the false lien was initially listed in the requirements section of the title commitment, meaning that it would need to be paid off before the title insurance policy could issue, but that he later moved the lien to the exceptions section after determining that the lien was likely not valid. (*See* Gov't Ex. 4.)

6. Mr. Hoodenpyle made several statements to law enforcement officers which indicated both his knowledge that Mr. Pryor did not owe him $1 million and his intent to retaliate against Mr. Pryor for his tax collection efforts. During an interview with Detective Mai on June 26, 2008, Mr. Hoodenpyle's description of his activities concerning Mr. Pryor included the statement, "since he was worried about liening all of my properties, I liened his." (Gov't Ex. 12A.) When Detective Mai asked Mr. Hoodenpyle why he had filed a lien against Mr. Pryor's property as opposed to against property owned by the IRS, Mr. Hoodenpyle's answer included the statement, "He's caused hardship upon my life, my wife, all kinds of stuff." (*Id.*) Mr. Hoodenpyle concluded that interview by essentially offering to remove the lien for five thousand dollars, telling Detective Mai, "One thing I want you to understand is when I have a million dollars down there, if I settle for five thousand dollars, that's one thing." (*Id.*)

7. Mr. Hoodenpyle spoke with Special Agent Frankel on May 5, 2008. On that day, Mr. Hoodenpyle indicated that he had filed the lien in order to "tie up" Mr. Pryor's property. When Mr. Hoodenpyle spoke with Special Agent Frankel again on

       December 17, 2008, he was visibly angry about the liens Mr. Pryor had filed. He told Special Agent Frankel that Mr. Pryor had caused him to lose his equity in his real property and made several statements to the effect of, "How would you like it if somebody put a $1.6 million lien against you and stopped your business?"

8. Mr. Hoodenpyle did not notify Mr. Pryor that he had filed the false lien against Mr. Pryor's property. Mr. Hoodenpyle also never provided Mr. Pryor, Detective Mai, or Special Agent Frankel any explanation as to how Mr. Pryor could possibly have owed Mr. Hoodenpyle any money, let alone $1 million. Evidence offered at trial established that Mr. Pryor did not owe Mr. Hoodenpyle any money and that there were no legitimate grounds supporting Mr. Hoodenpyle's filing of the false lien.

## SENTENCING GUIDELINE COMPUTATIONS

9. The applicable guideline is Section 2A6.1, with a base offense level of 12. U.S.S.G. §2A6.1(a)(1). There are no applicable specific offense characteristic adjustments.

10. There is a 6-level upward adjustment because (1) the victim of the offense was a government employee, (2) the offense of conviction was motivated by such status, and (3) the applicable Chapter 2 Guideline is from Chapter 2, Part A (Offenses Against the Person). *Id.* §3A1.2(b); *see also id.* §2A6.1, App. N.2.

11. Because Mr. Hoodenpyle put the government to its burden of proof by denying essential elements of the offense at trial, the adjustment for acceptance of responsibility does not apply to him. *Id.* §3E1.1, App. N. 2.

12. Based on the calculations described above, the adjusted offense level for Mr. Hoodenpyle is 18.

13. Mr. Hoodenpyle does not appear to have any criminal history, which would place him in Criminal History Category I.

14. The range of imprisonment for Mr. Hoodenpyle, based an offense level of 18 and Criminal History Category I, is 27-33 months.  *Id*. Chap. 5, Pt. A.

15. The fine range for Mr. Hoodenpyle, based on based an offense level of 18, is $6,000-$60,000.  *Id*. §5E1.2(c)(3).

16. The supervised release range for Mr. Hoodenpyle is 2 to 3 years.  U.S.S.G. §5D1.2(a)(1).

## SECTION 3553(a) FACTORS

17. The government intends to file a supplemental sentencing statement addressing the factors outlined in Title 18, United States Code, Section 3553(a) after the pre-sentence investigation report has been prepared.

Respectfully submitted this 1st day of July, 2010,

>	DAVID M. GAOUETTE
>	United States Attorney
>
>	s/ Matthew T. Kirsch
>	MATTHEW T. KIRSCH
>	Assistant U.S. Attorney
>	1225 17th Street, Suite 700
>	Denver, CO 80202
>	Telephone 303-454-0100
>	Facsimile 303-454-0402
>	email: matthew.kirsch@usdoj.gov
>	Attorney for the Government

5

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify on this 1st day of July, 2010, I electronically filed the foregoing GOVERNMENT'S SENTENCING STATEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gary D. Fielder, Esq.
criminaldefense@fielderlaw.net


and I hereby certify that I have mailed the document or paper to the following participants:

Robert Ford
United States Probation Office
212 N. Wahsatch Ave., Suite 300
Colorado Springs, CO 80903-3476

                                          s/ Matthew T. Kirsch
                                          MATTHEW T. KIRSCH
                                          U.S. Attorney's Office
                                          1225 17th Street, Suite 700
                                          Denver, CO 80202
                                          Telephone 303-454-0100
                                          Facsimile 303-454-0402
                                          E-mail matthew.kirsch@usdoj.gov
                                          Attorney for Government